### NEW ORLEANS RY. & LIGHT CO. v. STAFFORD.

(Circuit Court of Appeals, Fifth Circuit. March 10, 1914.)

No. 2560.

TRIAL (§ 212*)—INSTRUCTIONS—PREPONDERANCE OF EVIDENCE.

    Where there was no such conflict in the evidence as to make material the number of witnesses testifying to any particular fact or facts, and the judge charged that where there was a conflict between the witnesses, it was the jury's duty to resolve it so as to have all the witnesses speak the truth, if possible, otherwise they must accept the testimony of those the jury believed, and reject that of the others, but that they were not at liberty to reject the testimony of any witness arbitrarily, it was not error to refuse a request to charge defining the term "preponderance of evidence."

    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 501, 502; Dec. Dig. § 212.*]

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Mrs. Eveline Stafford against the New Orleans Railway & Light Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Benj. W. Kernan, of New Orleans, La., for plaintiff in error.

John Alonzo Woodville and J. L. Warren Woodville, both of New Orleans, La., for defendant in error.

Before PARDEE, Circuit Judge, and GRUBB, District Judge.

PER CURIAM. On the issues and evidence there was no error in refusing to give the special charge requested, as follows:

"The term 'preponderance of evidence' means that the plaintiff must prove by the greater weight of evidence that the defendant's employés were guilty of the fault charged in the petition and that said fault caused her injuries. Evidence is held to preponderate on that side which produces the greater number of witnesses—all being equally credible—who testify to the state of facts asserted by that side; or where there are an equal number of witnesses, all of equal credibility, on each side, who testify to propositions of fact asserted by the side by which they are called, that side which is corroborated by the circumstances and probabilities in the case has proved its case by a preponderance of the evidence; so, therefore, unless the plaintiff has proved her case by a preponderance of the evidence, she cannot recover."

While this requested charge may be correct in law, there was no such conflict in the evidence as to make material the number of witnesses testifying to any particular fact or facts in the case.

The judge charged the jury:

"Where there is any conflict between the witnesses, it is your duty to resolve the conflict. You must endeavor to have all the witnesses speak the truth, if possible; but, if you cannot do so, then you must accept the testimony of those you believe, and reject the testimony of the witnesses you do not believe. But you are not at liberty to reject the testimony of any witness arbitrarily. You must have some real and sufficient reason for doing so."

And to this there was no exception. We think the case was fully and fairly submitted to the jury, and find no error in the record.

Judgment affirmed.